FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 JUL 26 PM 3:08
SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS

vs.                                     Civil Action No. 06-536-RET-DLD

STATE OF LOUISIANA,
through the Department of Public Safety
and Corrections and BURL CAIN, Warden
of the Louisiana State Penitentiary

## COMPLAINT

### INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, for damages and injunctive relief to redress Defendants' violations of the First and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b). At all times relevant, all parties were residents of this District.

### THE PARTIES

4. Plaintiff, Norman Sanders, is an individual who at all times relevant has been residing in Louisiana State Penitentiary in West Feliciana Parish, Louisiana, within the district of this Court.

5. Made Defendant herein is the State of Louisiana, through the Department of Corrections and

-1-

Public Safety.

6. Made Defendant herein is Warden Burl Cain, who is and at all times pertinent was, the Warden of Louisiana State Penitentiary, located in West Feliciana Parish, Louisiana. He is sued in his official capacity.

## FACTS

7. Plaintiff is an inmate incarcerated at Louisiana State Penitentiary, hereinafter "LSP."

8. Plaintiff is a member of the Church of Jesus Christ of Latter Day Saints ("LDS") and has been a member of that church all of his life. He is a student in a Bible program and is close to graduation. Religious reading materials are needed for his course of study.

9. For the purpose of facilitating the practice of his religious faith and for purposes of religious study, Plaintiff has ordered books relating to the Mormon religion from various sources over the years. Prior to December 5, 2003, he had no difficulty in obtaining Mormon religious writings.

10. On or about December 5, 2003, the administration of the Louisiana State Penitentiary instituted an approved vendor's list. After that date, prisoners were allowed only to obtain written material from a source on that list. Since the institution of this list, Plaintiff has been unable to obtain books and other written material from any source of Mormon publications.

11. The Church of Jesus Christ of Latter Day Saints is on the approved vendor's list; however, Plaintiff has attempted to order books from this source and they were returned by employees of the Department of Public Safety and Corrections without explanation.

12. The only source of Mormon publications on the approved vendor's list is the Church of Jesus Christ of Latter Day Saints in Salt Lake City, Utah. Plaintiff can only receive scriptures from

this source, not other publications relating to Mormon religious studies. Plaintiff has attempted on numerous occasions to have other sources added to the list; however, his requests have been denied.

13. Since the institution of the vendor's list, Plaintiff has been denied access to publications from the Brigham Young University bookstore, the Foundation for Ancient Research and Mormon Studies at Brigham Young University, and Deseret Book Direct, a leading source of Mormon publications that is owned and administered by the Church of Jesus Christ of Latter Day Saints. Books from all of these sources have been returned to the senders. All are legitimate sources of LDS publications and pose no threat whatsoever to order or safety at the Louisiana State Penitentiary.

14. The State of Louisiana has no legitimate interest in blocking Plaintiff's access to legitimate sources of Mormon religious publications.

15. Plaintiff has, on various occasions, requested that Mormon religious services be conducted at Louisiana State Penitentiary. These requests have been ignored by the Defendants. Plaintiff has experienced these problems since the institution of the vendor's list on December 5, 2003.

16. The State of Louisiana has no compelling interest in restricting or blocking access to Mormon religious publications or in blocking Mormon religious services at Angola. The prison library contains only the Book of Mormon.

17. Alternatively, the means utilized by the State is not the least restrictive means available to further any interest that it may have in restricting or blocking access to Mormon religious publications or in blocking Mormon religious services at Angola.

18. Plaintiff is informed and believes and, therefore, alleges that other prisoners at the state penitentiary, particularly those of the Baptist faith, have no difficulty whatsoever in obtaining religious publications.

    A. First Cause of Action

2. At all times relevant, Defendants were acting under color of law within the meaning of 42 U.S.C. § 1983, et seq.

3. 42 U.S.C. § 1983 provides Sanders redress for the deprivation of his rights guaranteed under the United States Constitution.

4. Defendants' denial to Plaintiff of religious materials and a religious "call out" are unlawful actions burdening Sanders' right to free exercise of religion guaranteed under the First and Fourteenth Amendments to the United States Constitution.

5. As a result, Sanders is due injunctive, punitive and compensatory damages.

6. In addition, Sanders is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

    B. Second Cause of Action

24. Defendants' refusal to allow Plaintiff access to religious materials and their refusal to provide a "call out" for Mormon inmates is also in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, as these actions constitute a substantial burden on his right to exercise his religion, and he is a person confined to an institution.

25. As a result, Sanders is due injunctive, punitive and compensatory damages.

**WHEREFORE**, Plaintiff, Norman Sanders, prays that, in due course, there be judgment in his favor and against the State of Louisiana through the Department of Public Safety and Corrections

and Burl Cain, Warden of Louisiana State Penitentiary, granting him a permanent injunction, enjoining and restraining Defendants from interfering with, blocking, or restraining his access to publications relating to the Church of Jesus Christ of Latter Day Saints, allowing him to have a religious "call out" for the Mormon faith, and awarding him a sum in damages, including punitive damages, as may be fitting and proper in the premises along with interest, attorneys' fees pursuant to 42 U.S.C. § 1988, all costs of these proceedings, and all other just and equitable relief as this Court deems proper.

Respectfully Submitted

David Abboud Thomas, Bar # 22701
6513 Perkins Road
Baton Rouge, Louisiana 70808
(225) 766-1100
*Cooperating Attorney for the American Civil Liberties Union Foundation of Louisiana*

**COMPLAINANT**

Norman Sanders, #197433
Mag 1
Louisiana State Prison
Angola, Louisiana 70712

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NORMAN SANDERS

## DEFENDANTS
STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF SAFETY AND CORRECTIONS AND WARDEN BURL CAIN

(b) County of Residence of First Listed Plaintiff **WEST FELICIANA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **WEST FELICIANA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 6513 Perkins Rd, Baton Rouge, LA 70808
DAVID ABBOUD THOMAS
MOORE, WALTERS, THOMPSON, THOMAS, PAPILLION & CULLENS

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 7/26/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

469900365 1